IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|                                  |   |              |
|----------------------------------|---|--------------|
| **ALPHA AMADOU SOW,**            | ) |              |
|                                  | ) |              |
|     **Plaintiff,** | ) |        |
|                                  | ) |              |
| v.                               | ) | No. 05-2598 Ml/P |
|                                  | ) |              |
| **DIANE CAMPBELL,**              | ) |              |
| Officer-in-Charge, Memphis       | ) |              |
| Office, U.S. Citizenship         | ) |              |
| & Immigration Services,          | ) |              |
| et al.,                          | ) |              |
|                                  | ) |              |
|     **Defendants.** | ) |         |
|                                  | ) |              |
|                                  | ) |              |

_____

**ORDER TRANSFERRING CASE**
_____

On August 18, 2005, Plaintiff Alpha Amadou Sow filed the instant action seeking determination of his application for naturalization, which has been pending before the United States Citizenship and Immigration Service ("USCIS") for over three years.[1]  In his Complaint, Plaintiff asserts that jurisdiction is proper in this Court under 8 U.S.C. § 1447(b), 28 U.S.C. § 1447(b), and 28 U.S.C. § 2201.  On October 14, 2005, the United

---

[1] An individual may apply for a hearing in federal court under 8 U.S.C. § 1447(b) if the USCIS fails to make a determination on the individual's application for naturalization "before the end of the 120-day period after the date on which the examination is conducted."

States filed a motion to dismiss for lack of jurisdiction.[2]

It is apparent from the Plaintiff's Complaint that this Court does not have subject matter jurisdiction over this action. Eight § 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the <u>United States district court for the district in which the applicant resides</u> for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b)(emphasis added).  In his Complaint, Plaintiff states that he is a "lawful permanent resident, with residence in Davidson County, Tennessee."  (Compl. ¶ 1.)  Davidson County, Tennessee, is part of the Middle District of Tennessee.  28 U.S.C. § 123(b).  There is nothing in the record before the Court

---

[2] The United States moves to dismiss Plaintiff's action under the theory that the "examination" specified in 8 U.S.C. § 1447(b) is a process that consists of the applicant's initial interview as well as his criminal background investigation.  Since Plaintiff's criminal background investigation is still pending, the government argues, his examination is not complete and the 120-day period has not expired.  The United States therefore contends that subject matter jurisdiction is not proper.

The United States relies entirely on <u>Danilov v. Aguirre</u>, 370 F. Supp. 2d 441 (E.D. Va. 2005), for support of its interpretation of the statute.  The Court notes that since that case was decided, at least four district courts have rejected the <u>Danilov</u> court's analysis and have found that the 120-day period starts on the date of the applicant's initial interview.  See <u>Shalan v. Chertoff</u>, 2006 WL 42143, at *4 (D. Mass. Jan. 6, 2006); <u>Al Saidi v. Jenifer</u>, 2005 U.S. Dist. LEXIS 35466, at *5 (E.D. Mich. Dec. 23, 2005); <u>Essa v. U.S. Citizenship & Immigration Svcs.</u>, 2005 WL 3440827, at *2 n.2 (D. Minn. Dec. 14, 2005); <u>El-Daour v. Chertoff</u>, 417 F. Supp. 2d 679, 681 (W.D. Pa. 2005).

to indicate that Plaintiff currently resides within the Western District of Tennessee.  Accordingly, jurisdiction is not proper in this Court under 8 U.S.C. § 1447(b).  <u>Cf.</u> <u>Islam v. Harrington</u>, 2001 WL 1335851, at * 3 (N.D. Tex. Oct. 23, 2001)(finding subject matter jurisdiction proper under 8 U.S.C. § 1421(c)––which permits review of denial of naturalization applications by "United States district court for the district in which such person resides"––because petitioner resided in Northern District of Texas).

Nor does this Court have subject matter jurisdiction under either of the other two statutes that Plaintiff cites.  Twenty-eight U.S.C. § 1447(b) is not a jurisdictional statute; it concerns procedures for removing an action from state court.  In addition, the Declaratory Judgment Act, 28 U.S.C. § 2201, "does not create an independent basis for federal subject matter jurisdiction."  <u>Heydon v. MediaOne of Southeast Michigan</u>, 327 F.3d 466, 470 (6th Cir. 2003)(explaining that the Act merely provides courts with the discretion to fashion a remedy).

As this Court does not have subject matter jurisdiction over Plaintiff's action, this case is hereby TRANSFERRED to the Middle District of Tennessee.

So ORDERED this 3rd day of May 2006.

                                               /s/ Jon P. McCalla
                                               Judge Jon P. McCalla
                                               United States District Judge